**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

PERRY LEE JACKSON, JR                                                                                        PLAINTIFF
ADC #90614

V.                                            NO: 5:08CV00143 JMM/HDY

ERIC ROUSE *et al.*                                                                                          DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

   1.    Why the record made before the Magistrate Judge is inadequate.
   2.    Why the evidence proffered at the hearing before the District
         Judge  (if such a  hearing is granted)  was not  offered at  the
         hearing before the Magistrate Judge.

1

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on May 19, 2008. Defendants filed a motion for summary judgment (docket entry #12), and brief in support (docket entry #13), on June 30, 2008.[1] On July 14, 2008, Plaintiff filed a response (docket entry #14).

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must

---

[1] Defendants' motion was actually filed as a motion to dismiss, or in the alternative, for summary judgment. Because Defendants attached various exhibits to their motion, the Court will treat it as a motion for summary judgment.

view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff's complaint, he was assaulted by Defendant Eric Rouse on January 6, 2008. Plaintiff further charges that the other Defendants, Marilyn Cobb, Herbert Straughn, and Rick Toney, failed to stop the assault, or failed to investigate properly and take appropriate action. Defendants assert that Plaintiff's complaint should be dismissed because he failed to exhaust his administrative remedies, and have provided an affidavit from the grievance supervisor stating that Plaintiff failed to file a timely appeal of a grievance pertaining to his allegations. Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir.2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and if not, dismissal of the complaint is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 628 (8th Cir. 2003).

3

Documentation attached to Plaintiff's complaint indicates that Plaintiff filed a grievance (designated as DU-08-00003) on January 8, 2008, regarding his allegations. On that same day, grievance officer Cathy S. Greenway issued an acknowledgment of the grievance saying he should receive a communication regarding the grievance by February 6, 2008. On January 25, 2008, Warden Toney referred the allegations contained in DU-08-00003 to the ADC's internal affairs division for review.[2] Plaintiff apparently received no response at that time.

On February 14, 2008, Plaintiff filed a lawsuit concerning the alleged assault, which was dismissed on March 31, 2008, at Plaintiff's request.[3] Plaintiff sought the dismissal because he had not exhausted his administrative remedies regarding his allegations. Prior to filing the motion to dismiss the lawsuit, Plaintiff wrote a letter to ADC Deputy Director Larry May on March 17, 2008, attempting to appeal grievance DU-08-00003 (docket entry #2, page #8). On April 23, 2008, the ADC grievance supervisor responded to Plaintiff's appeal attempt, and explained that Plaintiff's attempt was untimely under the grievance policy, as it had not been submitted within five business days following February 6, 2008 (docket entry #2, page #7). In the meantime, on April 11, 2008, Plaintiff filed another grievance, EA-08-00496, grieving the lack of a response on his first grievance. On April 17, 2008, the warden responded to Plaintiff's second grievance, explaining that Plaintiff's first grievance had been forwarded to the internal affairs department for investigation. On April 15, 2008, Plaintiff attempted to appeal the warden's decision (on the first grievance) to forward Plaintiff's complaint to internal affairs (docket entry #12, exhibit H). On June 11, 2008, Plaintiff's appeal attempt was rejected as untimely, and because Plaintiff failed to follow procedure. *Id*.

---

[2] Plaintiff's allegations were eventually determined to be unfounded.

[3] ED/AR No. 5:08CV40.

4

It is clear that Plaintiff has not exhausted his administrative remedies with respect to the incident that allegedly occurred on January 6, 2008. Indeed, Plaintiff does not contest Defendants' charge that he has failed to exhaust his administrative remedies. Rather, Plaintiff asserts that Greenway's failure to respond to his grievance rendered exhaustion impossible. An administrative remedy that is not "available" need not be exhausted prior to filing a lawsuit. However, the ADC's policy clearly provides an avenue for Plaintiff to pursue his appeals, with or without a response to his initial grievance. Nothing indicates that Plaintiff was prevented from using the grievance process. Plaintiff simply failed to follow proper procedure to avail himself of the remedy available.

The question of whether proper exhaustion has been achieved turns on the specifics of the prison policy. *Jones v. Bock*, 549 U.S. 199, 923 (2007). The ADC's grievance policy, which Defendants have attached, clearly indicates that an inmate who does not receive a response to his grievance within 20 working days may move to the next level within 5 working thereafter (docket entry #12, exhibit C). Thus, when Plaintiff did not receive a response to his grievance on February 6, 2008, he had five working days to appeal to the next level. Rather than doing that, Plaintiff filed a lawsuit on February 14, 2008. Recognizing his failure to exhaust his administrative remedies, Plaintiff then sought dismissal of the lawsuit, and attempted to revive his initial grievance. However, his efforts were untimely.[4] Thus, Plaintiff has failed to exhaust his administrative remedies as required by the PLRA, and his complaint should be dismissed.

### III. Conclusion

---

[4] The ADC's grievance policy also makes clear the requirement that the grievance process be initiated within 15 days after the occurrence of the incident (docket entry #12, exhibit C). In his prior lawsuit, Plaintiff conceded that he had not exhausted his remedies. Thus, any attempt by Plaintiff to exhaust after the filing of his previous lawsuit was untimely.

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #12), be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order or any judgment entered hereunder, would not be taken in good faith.

DATED this   14   day of August, 2008.

_____
UNITED STATES MAGISTRATE JUDGE